UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL L. THOMAS,

        Plaintiff,

v.                               Case No. 8:08-cv-931-T-17MSS

SECRETARY, DEPARTMENT OF
CORRECTIONS, LOIS BLACK HAMILTON,
DONALD C. BARBER, JR.,[1] ERIN COCORAN
DALY, RICHARD TOMBRINK, JR.

        Defendants.

O R D E R

This cause is before the Court on Defendants' motion to dismiss Plaintiff's civil rights complaint (Doc. No. 13) and Plaintiff's motion for judgment on the pleadings and motion to strike the Defendants' motion to dismiss (Doc. No. 15). A review of the record demonstrates that Defendants' motion to dismiss must be granted.

Background

Thomas' complaint stems from his arrest for violation of probation in early 2008. Thomas was first placed on probation on October 13, 2005. (Doc. No. 1, p. 1, lines 10-11). His probation period was to run for three years. Thomas filed appealed his 2005 conviction and sentencing, while simultaneously filing a rule 3.850 motion for postconviction relief in the trial court.

On January 27, 2006, state court Judge Tombrink ruled that because Thomas had appealed, Tombrink did not have jurisdiction over Thomas' rule 3.850 motion. (Doc. No. 1-2 p. 9-10). Thomas was later charged with violation of his probation, and on August 21, 2006, Judge Tombrink found the Probation Officer had probable cause to find that a violation had occurred, but the judge determined that probation should not be revoked. (Doc. No. 1-2 p.

---

[1] The correct spelling of the name of Defendant, Donald C. Barber is Donald C. Barbee, Jr., and he is referred to by his correct named in the remainder of this order.

7) The state Court ultimately dismissed the affidavit of probation violation and warrant and restored Thomas to supervision under the original order of the Court. *Id.*

On March 7, 2007, Judge Tombrink denied Thomas' state Petition for Writ of Habeas Corpus. (Doc. No. 1 p.2 line 25). The Fifth District Court of Appeal affirmed the denial on September 4, 2007 (Doc. No. 1 p. 2 line 29).

On January 16, 2008, Thomas filed a Petition for Writ of Habeas Corpus in the Middle District of Florida, Tampa Division, Case No. 8:08-cv-104-T-23MAP (Doc. No. 1 p. 2 line 31) The Petition for Habeas Corpus remains pending before this Court.

On March 17, 2008, Thomas was again arrested for violation of probation. (Doc. No. 1 p. 3 line 46) On April 24, 2008, Judge Tombrink terminated Thomas' probation. (Doc. No. 1 p. 3 line 55) (A copy of the order terminating probation is attached to Doc. No. 13 as Exhibit A). In the order dated April 24, 2008, Judge Tombrink specifically stated that the Court found Thomas had been on probation until probation was terminated that day, April 24, 2008. *Id.*

Thomas sues all served Defendants in their official and individual capacities. The Defendant, Secretary, Department of Corrections has not been properly served under Fed.R.Civ.P. 4(j)(2).

Thomas seeks unspecified monetary damages and injunctive relief.

Standard for Motion To Dismiss

When considering a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. *Hill v. White*, 321 F. 3d 1334, 1335 (11th Cir 2003); *Jackson v. Okaloosa County, Fla*., 21 F. 3d 1531, 1534 (11th Cir. 1994). A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a Court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment. This is because such documents are capable of accurate and ready determination. *Makro Capital of America, Inc. v. UBS AG,* 372 F. Supp.2d. 623, 627 (S.D. Fla. 2005) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999)); *Broward Garden Tenants Ass'n. v. E.P.A.*, 157 F.Supp.2d 1329, 1335 n. 8 (S.D. Fla. 2001); *Universal Express, Inc. v. SEC,* No. 05-13142, 2006 WL 1004381, 1-2 (11th Cir. 2006).

Thus, the Court may take judicial notice of documents filed in other judicial proceedings, without converting a motion to dismiss to a motion for summary judgment, for the limited purpose of recognizing the subject matter of the litigation and/or issues decided. *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1166 n. 11 (11th cir. 1995); *In re Delta Resources, Inc.*, 54 F.3d 722, 725 (11th Cir. 1995); *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994).

## ELEVENTH AMENDMENT IMMUNITY

All Defendants are entitled to Eleventh Amendment Immunity to the extent they are being sued in their official capacity. Absent a legitimate waiver by the State or abrogation by Congress, the Eleventh Amendment is an absolute bar to suit by an individual against a state in federal Court. *Edelman v. Jordan*, 415 U.S. 651 (1974). It is well established that a suit against a defendant governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent. *Manders v. Lee*, 285 F. 3d 983, 990 (11th Cir. 2002). *See also Zatler v. Wainwright*, 802 F. 2d 397, 400 (11th Cir. 1986). It is

undisputed that all served Defendants were state employees in their capacities as Circuit Court Judge, prosecutors/state attorneys or a probation officer at all times relative to this complaint. Thomas cannot demonstrate any state waiver of its Eleventh Amendment immunity. Dismissal with prejudice is proper to the extent Defendants are sued in their official capacity.

## JUDICIAL IMMUNITY

The Honorable Richard Tombrink is entitled to Judicial Immunity. Thomas acknowledges that Defendant Tombrink is a Circuit Judge in Hernando County. (Doc. No. 1 p. 5 line 78-80). A judge is generally immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (citations omitted). Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. *Mireles*, 502 U.S. at 10.

It is undisputed that Judge Tombrink was acting in his capacity as a Circuit Court Judge at all times relative to the Complaint. Because Judge Tombrink is entitled to Judicial Immunity, dismissal with prejudice is proper.

## PROSECUTORIAL IMMUNITY

Defendants Barbee and Daly are entitled to prosecutorial immunity. A prosecutor is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate, *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004), including "the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence." *Rivera*, 359 F.3d at 1353 (internal citations omitted). *See also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in

preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State").

Indeed, a prosecutor is absolutely immune to suits for money damages unless the acts or omissions giving rise to a defendant's claims are outside the "scope and territorial jurisdiction of his office." *Elder v. Athens-Clarke County, Ga.*, 54 F.3d 694, 695 (11th Cir. 1995). "[a]n allegation that the decision to prosecute was part of a conspiracy does not in any manner dilute immunity and a prosecutor is immune from such malicious prosecution claims." *Elder*, 54 F.3d at 695.

Defendants Barbee and Daly are State Attorneys in Hernando County, Florida. (Comp. p.5 line 81 – 86). Although void of almost any facts which can drawn from the Complaint, it appears that Thomas seeks to hold Defendants Barbee and Daly liable for actions undertaken in their role as government advocates/prosecutors, namely, initiating and pursuing Thomas's criminal prosecution for violation of his probation. Thomas has not alleged facts sufficient to overcome Defendants Barbee and Daly's prosecutorial immunity in this matter and dismissal with prejudice is proper.

## RESPONDEAT SUPERIOR

Defendant Hamilton is sued in her supervisory capacity with the Florida Department of Corrections, Division of Probation and Parole. The Eleventh Circuit has stated that:

> Like municipalities, supervisors cannot be held liable for the acts of employees solely on the basis of *respondeat superior*. *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11thir. 1981), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982). Supervisory liability is not limited, however, to those incidents in which the supervisor personally participates in the deprivation. *Goodson v. City of Atlanta*, 763 F.2d 1381, 1389 (11th Cir. 1985); *Wilson v. Attaway*, 757 F.2d 1227, 1241 (11th Cir. 1985); *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976). There must be a causal connection between the actions of the supervisory official and the alleged deprivation. *Wilson*, 757 F.2d at 1241; *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1979). This causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need for improved training or supervision, and the official fails to take corrective action. *Wilson*, 757 F.2d at 1241; *Sims*, 537 F.2d at 832.

*Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir.1985). Thomas sues Hamilton under the theory of respondeat superior. Because section 1983 claims predicated on respondeat superior have been uniformly rejected, dismissal with prejudice is proper.

CLAIMS FOR INJUNCTIVE RELIEF

Finally, the Court cannot provide the injunctive relief Plaintiff seeks: to have this Court "put a restraining order on local government (in Hernando County) . . . to not retaliate and come up with some charge out of the deep waters without probable cause." This request is in the nature of a petition for writ of mandamus.

> Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law." *See Corn v. City of Lauderdale Lakes,* 904 F.2d 585, 587 (11th Cir.1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000); *see also Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1385 (11th Cir.1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task). Pursuant to their powers under 28 U.S.C. § 1651, federal courts continue to grant equitable relief, which sometimes are referred to as "writs of mandamus." *See generally Vacheron & Constantin-Le Coultre Watches*, *Inc. v. Benrus Watch Co.*, 260 F.2d 637, 640 (2d Cir.1958) (noting courts continue to issue orders that "for brevity, we may still speak of as a mandamus.")

*Preferred Sites, LLC v. Troup County*, 296 F.3d 1210, 1220-21 (11th Cir. 2002).

> "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations [.]" *In re Bellsouth Corp.,* 334 F.3d 941, 953 (11th Cir. 2003) (quoting *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34 (1981)); *see also Mallard v. United States Dist. Court for the southern Dist. of Iowa,* 490 U.S. 296, 309 (1989).

To be entitled to mandamus, Thomas must demonstrate the following: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty for the Defendants to performs the action sought; and, (3) the absence of an adequate alternative remedy. *Mallard*, 490 U.S. at 309; *Stephens v. Dept. of Health & Human Servs., 901 F.2d 1571, 1576 (11th Cir. ), cert. denied,* 498 U.S. 998 (1990); *District Lodge No. 166 v. TWA Servs.,*

*Inc.,* 731 F.2d 711, 717 (11th Cir. 1984), *cert. denied,* 469 U.S. 1209 (1985) (quoting *Carter v. Seamans*, 411 F.2d 767, 744 (5th Cir. 1969)).

Here, Thomas has not met his burden. He has not shown that he is entitled to this drastic remedy.

> Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin*, 449 F. Supp. 914, 915 (E.D. Wis. 1978).

*Andujar v. Crosby*, No. 8:06-cv-70-T-17TGW, 2006 WL 146205, at *2 (M.D. Fla. Jan. 18, 2006).

Analogously, this Court does not have jurisdiction to issue a writ of mandamus to direct law enforcement in Hernando County to refrain from enforcing its laws.

Accordingly, the Court orders:

1. That Defendants' motion to dismiss the complaint (Doc. No. 13) is granted. Plaintiff's complaint is dismissed against the Defendants who have been served. The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff's motion for judgment on the pleadings and to strike Defendants' motion to dismiss the complaint (Doc. No. 15) is denied.

ORDERED in Tampa, Florida, on July 28, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Derrel L. Thomas